# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * * *
                                    *
JUSTINE OSTERKAMP,                  *
                                    *
            Plaintiff,              *
                                    *       No. 19-1091C
v.                                  *       Filed: July 29, 2019
                                    *
UNITED STATES,                      *
                                    *
            Defendant.              *
                                    *
* * * * * * * * * * * * * * * * * *
```

### ORDER

The court is in receipt of plaintiff's one page, hand-written complaint. Plaintiff's complaint states, in its entirety:[1]

> i a woman, Angeline, daughter of God
>
> Claim
>
> 1. Amy picray dba Jones County Iowa Treasurer is in Breach of Fiduciary Duty
>
> 2. Amy picray has made False Fraudulent claim of "debt"
>
> 3. Amy picray in Collusion with Imaginary Friend "STATE OF IOWA" are forcing involuntary servitude peonage and Theft of Living people
>
> 4. Amy picray is in violation of US Bankruptcy.
>
>   See attached
>     All rights reserved
>       by: Angeline
>         aka Angeline Ann Osterkamp

It appears from the documents included with plaintiff's complaint, Ms. Picray sent plaintiff a letter reminding her to renew her automobile registration. Nowhere in plaintiff's papers is there an indication that plaintiff has any claims against the United States. All claims in the United States Court of Federal Claims must be filed against the United States as the defendant. See United States v. Sherwood, 312 U.S. 584, 588 (1941)

---

[1] All capitalization is as it appears in Ms. Osterkamp's complaint.

7018 0040 0001 1393 1815

("jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States . . . and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court"). Relatedly, it is well established that this court lacks jurisdiction to hear claims against individuals. See id.; see also Cooper v. United States, 137 Fed. Cl. 432, 434 (2018) (finding that the United States Court of Federal Claims "lacks subject matter jurisdiction to consider plaintiff's claims to the extent they are made against individuals"); Robinson v. United States, 127 Fed. Cl. 417, 420 (2016) ("The court is without 'jurisdiction over claims against individuals.'" (quoting Emerson v. United States, 123 Fed. Cl. 126, 129 (2015))). Therefore, the court lacks jurisdiction over the allegations in plaintiff's complaint.

In addition, plaintiff filed her complaint without paying the requisite filing fee or submitting an application to proceed in forma pauperis. As a result, the above captioned case is **DISMISSED**, without prejudice.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**